UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICA II GROUP, LLC,

    Plaintiff,

v.   Case No. 8:24-cv-01501-KKM-AAS

SOURCEABILITY NORTH AMERICA, LLC,

    Defendant.
_____

## ORDER

America II Group, LLC, and Sourceability North America, LLC, jointly move for the entry of a stipulated injunction and dismissal of this action with prejudice (referred to interchangeably as a "consent judgment"). Motion for Stipulated Injunction (MSI) (Doc. 28). The motion requests that the Court retain jurisdiction to enforce the injunction and "waive[s] any requirement for the Court to include findings of fact or conclusion of law." *Id*. ¶¶ 3, 4. The stipulated injunction would prohibit Sourceability from "knowingly interfering with [America II's] restrictive covenants" for a period of six years and "using or disclosing any of America II's Confidential Information" obtained by former America II employees at Sourceability. Stipulated Injunction (Stip. Inj.) (Doc. 28-1) ¶¶ 2–3.

As explained during the telephonic hearing, (Doc. 30), the motion for entry of consent judgment is denied without prejudice for two reasons. First, the parties have not set forth facts that warrant the injunctive relief sought. Second, the

proposed injunction's terms are too vague to be effectively enforced by coercive contempt.

Without any factual predicate, the Court cannot order the injunction sought. Article III limits the judicial power to cases and controversies, which requires that litigants demonstrate standing to sue. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016). A district court cannot "enter [a] consent [judgment][] . . . that provide[s] relief that the district court lacks the power to grant," *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1258 (11th Cir. 2023), "[consent of the parties,] or not," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C. J., concurring)).

"[B]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if his injury in fact is a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Williams*, 65 F.4th at 1253 (internal quotation marks omitted) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). In other words, a plaintiff must show a risk of future injury that is "certainly impending" to seek injunctive relief. *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 414 & n.5 (2013). For consent judgments that include injunctive relief, a court must make a "determination that the proposal represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1242 (11th Cir. 1997) (quoting *United States v. City of Miami*, 664 F.2d 435, 440–41 (Former 5th Cir. 1981) (Rubin, J., concurring in the per curiam judgment)). Here, Sourceability admits no facts nor have the parties offered any evidence to support a finding that America II faces an imminent risk of future injury that is "certainly

impending." *Clapper*, 568 U.S. at 414. The parties seemed to contemplate that none were required, asserting in the motion that they specifically "waive any requirement for the Court to include findings of fact or conclusion of law." MSI ¶ 3. Without a factual predicate to demonstrate standing for an injunction, I lack authority to enjoin Sourceability.

The second problem concerns whether the proposed injunction's terms amount to an "obey-the-law" injunction and are otherwise too vague to be effectively enforced by coercive contempt. Consent judgment or not, a district court must abide by Rule 65(d)'s "requirement that injunctions state their terms specifically and 'describe in reasonable detail' the 'act or acts restrained or required'" in determining whether to enter proposed injunctive relief. *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1361 (11th Cir. 2019) (quoting FED. R. CIV. P. 65(d)); *see also SEC v. Goble*, 682 F.3d 934, 948–52 (11th Cir. 2012). The Eleventh Circuit's strict adherence to Rule 65(d) is "designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Goble*, 682 F.3d at 950 (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam)).

The prohibitions are not described in enough detail to allow the Court to enforce the relief by coercive contempt should compliance issues arise. The two operative provisions prohibit "knowingly interfering with [America II's] restrictive covenants" for a period of six years and "using or disclosing any of America II's Confidential Information" obtained by former America II employees working at Sourceability. Stip. Inj. ¶¶ 2–3. The term "restrictive covenants"

remains undefined, leaving open a multitude of possible interpretations. *Id*. ¶ 2. And although the prohibition on "confidential information" disclosure appears to be predicated at least partially on the Defend Trade Secrets Act, 18 U.S.C. § 1836, the injunction does not explain how America II's "confidential information" constitutes "trade secrets" under the DTSA. *Id*. ¶ 3. Without identifying what information constitutes the trade secrets that Sourceability is barred from using or disclosing, the Court is left in an untenable position if forced to determine whether coercive contempt is warranted. *Chandler v. James*, 180 F.3d 1254, 1274 n.20 (Tjoflat, J., specially concurring); *see also Goble*, 682 F.3d at 949. Simply put, the proposed injunction lacks the specificity required by the Eleventh Circuit and Rule 65(d).

As noted at the hearing, though, the parties may still resolve the case short of a trial. They may, for example, cure the above deficiencies and file an amended motion for a consent judgment, file a joint stipulation dismissing the action under Federal Rule 41(a)(1)(a)(ii) predicated on a private settlement contract, or move to voluntarily dismiss the action with prejudice under Rule 41(a)(2).

Accordingly, the Plaintiff's Motion for Entry of Agreed Order of Injunction and Dismissal with Prejudice, (Doc. 28), is **DENIED without prejudice.**

**ORDERED** in Tampa, Florida, on January 13, 2025.

Kathryn Kimball Mizelle
United States District Judge

4